## MARGARET O'FLANAGAN v. ADERIAL H. CASE.

ATTORNEY AND CLIENT — *Authority of Attorney — Evidence.* Where a real-estate mortgage is foreclosed against the husband and others, and the land is sold to the judgment creditor for more than enough to satisfy the judgment and costs, and the sale is confirmed and a sheriff's deed executed to the purchaser, and he sells and conveys the property by warranty deed to another, and afterward it is ascertained that the title to the property is in the wife and not in the husband, and an additional judgment is rendered by the court that the surplus money shall be paid to the wife, and that she shall be barred and estopped from ever claiming any right, title or interest in or to the property, and this additional judgment is rendered upon what purports to be an appearance of the wife by an attorney and her consent by such attorney, and the surplus money is paid to such attorney, and over nine years afterward the wife moves the court to vacate this additional

judgment upon the ground that such attorney had no authority to appear for her or to represent her in the matter, and she testifies upon the hearing that he had no such authority, and the attorney testifies that he had, and the court overrules the motion, *held*, not error.

*Error from Wabaunsee District Court.*

THE opinion states the case.

*H. H. Harris*, for plaintiff in error.

*Aderial H. Case*, defendant in error, for himself.

The opinion of the court was delivered by

VALENTINE, J.: This is a proceeding in error brought by Margaret O'Flanagan in this court to reverse an order of the district court of Wabaunsee county refusing to vacate a judgment or decree rendered in that court. Aderial H. Case is made the defendant in error. It appears that in 1872 a judgment or decree of foreclosure was rendered in the district court of Wabaunsee county in a case in which Aderial H. Case was the plaintiff and John T. Bradley, Josephine Bradley and John O'Flanagan were the defendants, foreclosing a certain real-estate mortgage. In pursuance of such judgment and decree and upon an order of sale, the land was sold by the sheriff of that county to said Aderial H. Case, who paid from forty to sixty dollars more than sufficient to satisfy the foreclosure judgment and costs. This sale was confirmed, and on March 31, 1873, the sheriff executed to Case a sheriff's deed for the property, and afterward Case sold and conveyed the land by a general warranty deed to other persons. It was afterward ascertained that the title to the land was in Margaret O'Flanagan, the wife of John O'Flanagan, one of the defendants in the foreclosure suit; and the sheriff retained in his hands the surplus money not needed to satisfy the foreclosure judgment, hardly knowing to whom to pay it. On September 26, 1876, the following additional judgment or decree was rendered by the court, to wit:

"Aderial H. Case, *Plaintiff*, v. John T. Bradley, Josephine Bradley, John O'Flanagan, Margaret O'Flanagan, *Defendants*.

—ORDER AND JUDGMENT.—On this day, in open court, comes the said plaintiff, Aderial H. Case, and also come the said defendants John T. Bradley, Josephine Bradley, John O'Flanagan, and Margaret O'Flanagan, by their attorney George A. Kirkland, and by agreement of parties and consent of the court it is ordered that the journal entry heretofore made on journal A, pages 283 and 284, of this same case, be corrected in the title thereof as above stated, and that there be added thereto the following *nunc pro tunc* correction, to wit: 'and any surplus from the proceeds of said sale, after paying the said judgment, interests and costs, and accruing costs, be paid to the said Margaret O'Flanagan; and it is further ordered, that the said Margaret O'Flanagan be forever barred and estopped from claiming any right, title or interest in or to the said lands, to wit, the east half of the northeast quarter of section twenty-two, township eleven, of range thirteen, east of the sixth principal meridian, in Wabaunsee county, Kansas, adverse to the said rights or interests of the said plaintiff, his heirs, grantees, or assigns.'  ADERIAL H. CASE.

GEO. A. KIRKLAND,

*Atty. for Defendants,*

(And especially for Margaret O'Flanagan.)

Approved: ALMA, KANSAS, Sept. 26, '76.''

George A. Kirkland was at the time of the rendering of this judgment a practicing attorney at law, residing at St. Mary's, where John O'Flanagan and Margaret O'Flanagan also resided, and they were all well acquainted with each other, and John O'Flanagan was present with Kirkland at the time when the above-quoted judgment or decree was rendered. The surplus money was paid by the sheriff to Kirkland, the supposed representative of Margaret O'Flanagan. On November 4, 1885, Margaret O'Flanagan, by H. H. Harris, her attorney, filed the following motion in the district court, to wit:

"*State of Kansas, Wabaunsee County.*—In the District Court, November Term, 1885.—Aderial H. Case, *Plaintiff*, v. John T. Bradley, Josephine Bradley, John O'Flanagan, Margaret O'Flanagan, *Defendants.*—MOTION TO VACATE A VOID JUDGMENT.—And now comes Margaret O'Flanagan, one of the above-named defendants, and moves the court to vacate the following judgment or order entered by this court without ju-

risdiction, entered September 26, 1876, in journal entry B, page 134."

[Here is copied the above-quoted judgment or decree which it is desired to have vacated, and the motion then ends as follows:]

"This motion is made for the reason that the said Geo. A. Kirkland had no authority to enter the appearance of the said defendants, or either of them. For said reason the judgment is void.  MARGARET O'FLANAGAN.

By H. H. HARRIS, *Atty.*"

On November 14, 1885, this motion was overruled by the court; and to reverse this ruling Margaret O'Flanagan, as plaintiff in error, brought the case to this court, making Aderial H. Case the defendant in error. Case's grantee was not made a party to the motion in the court below, nor is he made a party to this proceeding in this court.

It is claimed by the plaintiff in error, Mrs. O'Flanagan, that the above-quoted judgment or decree is void for the reason that George A. Kirkland had no authority to appear for her with respect to any proceeding in the case, and her testimony to this effect was introduced in the court below on the hearing of the motion; but evidently the court below did not believe her testimony, and we cannot say that the court below committed error. In the first place, where an attorney at law appears in a case for another, it will always be presumed, in the absence of anything to the contrary, that he had authority to appear, and the burden of overthrowing this presumption will rest upon the party disputing the authority. In the second place, Kirkland himself testified positively and directly that he had express authority from Mrs. O'Flanagan to so appear and to represent her in that court and in that proceeding, as the record shows that he did represent her; and taking all the evidence and all circumstances in the case, and all the presumptions of law in favor of the good faith of attorneys at law, and of the regularity, validity, and verity of judicial proceedings, we think the preponderance of the evidence is in favor of the correctness of the decision of the court below. The judgment or decree complained of was therefore rendered

with Mrs. O'Flanagan's consent, and she through her attorney
and agent, George A. Kirkland, received the benefit and fruits
of such judgment or decree, to wit, the surplus money re-
maining in the hands of the sheriff, and she cannot now com-
plain of the judgment or decree.

The judgment of the court below will be affirmed.

All the Justices concurring.