*In re* Rex.

---

*In re* M. W. REX, *Petitioner*.

**No. 14,014.**   (78 Pac. 404.)

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Authority of Judge at Chambers*.   A judge at chambers has no authority to change a judgment of the court.

2. ———— *Commitment—Judgment*.   Where an order was made at. the solicitation of a convicted defendant by a judge at chambers directing the issuance of a commitment of such defendant to the jail of a county other than the one designated in the judgment of the court, such order is without authority, and does not serve to change the judgment in any respect, and the defendant may thereafter be committed in accordance with its terms.

Original proceeding in *habeas corpus*.   Opinion filed November 5, 1904.   Petitioner remanded.

*George L. Miller*, for petitioner.

*C. C. Coleman*, attorney-general, *Albert Hoskinson*, county attorney, and *W. R. Hopkins*, for respondent.


The opinion of the court was delivered by

CUNNINGHAM, J. : This is an original proceeding in this court. The petitioner seeks by a writ of *habeas corpus* to be discharged from an alleged illegal detention at the hands of A. R. Jessup, sheriff of Finney county. The agreed statement of facts, upon which the case is submitted, shows that the petitioner was informed against in the district court of Hamilton county for a felony. Upon the request of the petitioner the venue was changed to Finney county, where he was convicted, on the 12th day of June, 1903, of a misdemeanor, and was, on the 8th of July, sentenced by the court to pay a fine of $250 and the costs of the action, and to stand committed to the jail of Finney county until the fine and costs should be paid. Several orders suspending and staying the judgment were made pending the preparation of the bill of exceptions. On the 27th of November, 1903, an order of commitment to the jail of Finney county was issued, no part of the judgment or costs having been paid. On the 28th of November, the petitioner came in person and by his attorneys before the Honorable William Easton Hutchison, judge of the Finney county district court, at his chambers, and made an application for an order directing that the order of commitment issued out of the district court of Finney county be changed so as to direct that the petitioner be imprisoned in the jail of Hamilton county. This request to the judge was made in writing, and expressly waived the question of the regularity of the making of such an order, and

fully consented to the same. Thereupon the following order was made:

"Upon said application's being made to me, it is hereby ordered that said defendant, M. W. Rex, be transferred to the jail of Hamilton county, Kansas, and that a recommitment of said defendant to the jail of Hamilton county issue herein.

WILLIAM EASTON HUTCHISON, <em>Judge.</em>

"All objections and exceptions to the foregoing order are hereby waived.

M. W. REX, <em>Defendant.</em>

G. L. MILLER and M. W. SUTTON,<br><em>Attorneys for Defendant.</em>"

Thereupon an order directed to the sheriff of Hamilton county was issued by the clerk of the district court of Finney county, commanding him to commit the petitioner to the jail of Hamilton county, there to remain until the judgment of the court was complied with. On January 30, 1904, an execution was issued, regular in form, by the clerk of the district court of Finney county to the sheriff of Hamilton county, commanding him to levy upon the goods and chattels of the petitioner, and therefrom to make the amount of the fine and costs assessed against him. This execution, having come to the hands of the sheriff of Hamilton county, was levied by him upon eighty acres of land belonging to petitioner. After due advertisement this land was sold for a sum sufficient to pay the fine and costs assessed against Rex, and the money was paid to the sheriff. Thereupon Rex was discharged from custody by the sheriff of Hamilton county. Afterward, a return of this order of sale having been made, Rex filed in the district court of Finney county a motion to set aside the sale, on the ground that the land sold was his homestead and exempt from seizure and sale. This motion was sus-

tained, the sale set aside, and the money returned to the purchaser. The same day, and after this order was made, the court directed the issuance of an order of commitment by the clerk of the district court of Finney county, commanding the sheriff of that county to take into custody the petitioner, and so hold him until the fine and costs assessed against him should be paid. This the sheriff did, and this is the imprisonment from which the petitioner seeks to be discharged.

At the time of the levy upon the eighty acres in Hamilton county, Rex was the owner of an additional 240 acres, unencumbered, adjoining the eighty acres levied upon, of which, after the sale and before it was set aside, he sold 160 acres.

The principal contention of the petitioner is that the original judgment of the court, directing the commitment to the jail of Finney county, was subsequently changed by the order made by the judge at chambers upon the application of the petitioner; that this order was, in effect, the changing of the judgment of the court as to the place where the imprisonment should occur, and, having been made within the term at which the judgment was rendered, was effectual and valid; that the court, after the adjournment of the term, lost jurisdiction to make further order in respect to this matter, and, therefore, that the order of commitment issued on the 8th of July, 1903, being the one under which petitioner is now detained, was without authority and void, and, hence, ineffectual as authority for his detention in the jail of Finney county. The infirmity in this claim appears from two considerations:

First, section 251 of the code of criminal procedure (Gen. Stat. 1901, § 5696) provides that "when the defendant is adjudged to pay any fine and costs, the

court shall order him to be committed to the jail of the county until the same are paid.'' This would seem to limit the authority of the court in the matter of its judgments and orders, in respect to imprisonment in such cases, to the jail of the county where the defendant was tried and found guilty. If so, the order of the judge made at chambers directing the commitment of the petitioner to the jail of Hamilton county, if otherwise valid, would have been void because directly against the provisions of the statute.

Second, the order made by the judge at chambers was clearly invalid. He was without jurisdiction in that capacity to make it. More than this, it did not even purport to be a change of the judgment originally rendered in the case. The original judgment duly made by the court while in session directed the imprisonment of the petitioner in the jail of Finney county. This judgment was never changed, or attempted to be changed. The fact that the judge at his chambers, while not sitting as a court, made an order at the solicitation of the petitioner, under which the clerk issued an order for his commitment directed to the sheriff of Hamilton county, nowise interfered with, or operated to change, the judgment of the court. The order of commitment to Hamilton county was issued without authority. It was made at petitioner's solicitation, and his acquiescence therein was wholly voluntary. It had no authoritative effect on any one. Thereafter, when the last order directing the commitment of the petitioner to the jail of Finney county was made, no part of the fine and costs having been paid, the judgment remained in full force and effect, and such order and commitment were in all respects valid.

Again, it is suggested by the petitioner that inasmuch as there were 240 acres of land without encum-

brance belonging to the petitioner at the time the execution came to the hands of the sheriff of Hamilton county, the judgment became a lien upon this land, and it became the duty of the sheriff to levy the writ upon the portion of the land that was not exempt; and the sheriff, having failed to do this, could have been amerced in the amount of this execution, and, therefore, the state having had the right thus to proceed, and to make the amount of the fine and costs, it is in effect a payment of the same, and entitles the petitioner to his discharge.    Such is not the law.

The writ is denied, and the petitioner remanded to the custody of the sheriff of Finney county.

All the Justices concurring.