FLORA F. ALLISON, *Appellant*, v. JOHN M. WHITAKER, *Appellee.*

No. 16,315.

SYLLABUS BY THE COURT.

JUDGMENTS—*Validity—Publication Service—Misdescription of Land in Affidavit and Notice.* In an action to quiet title the land was properly described in the petition as the southwest quarter of section 25, in township 21 south, of range 37 west. The defendant was summoned by publication. In the affidavit and published notice the land was erroneously described as the southwest quarter of section 24, in township 21 south, of range 37 west. The defendant did not appear. A decree was entered as prayed for. More than three years afterward a purchaser from the defendant filed a motion to vacate and set aside the judgment as void. The sole ground of the motion was the error in the description of the land. The motion was sustained. *Held*, error.

Appeal from Kearny district court; WILLIAM H. THOMPSON, judge. Opinion filed February 12, 1910. Reversed.

*W. R. Hopkins,* and *Richard J. Hopkins,* for the appellant.

*H. O. Trinkle,* for the appellee.

The opinion of the court was delivered by

Graves, J.: This is an action to quiet title. It was commenced by the appellant in the district court of Kearny county. The petition was in the usual form, describing the land as the southwest quarter of section 25, in township 21 south, of range 37 west. The defendant was summoned by publication. The affidavit for publication erroneously described the land as being in section 24. The notice as published misdescribed the land in the same way. At the proper time a decree was granted quieting the title to the land described in the petition as prayed for. The defendant did not appear. More than three years thereafter John M. Whitaker, who purchased the land from the defendant, filed a motion to vacate and set aside the judgment as void. The sole ground of the motion was the erroneous description of the land in the affidavit and notice for publication. The motion was sustained, and the plaintiff appeals to this court.

The statute providing for service of summons by publication (Civ. Code, §§ 73, 74; Gen. Stat. 1901, §§ 4507, 4508) does not require that either the affidavit or notice shall contain a description of the land. It has been decided by this court that a misdescription of land in such notice does not make the service void. (*Sharp v. McColm,* 79 Kan. 772.) In this case the land was correctly described in the petition. The notice warned the defendant that he had been sued and must answer the petition at a time stated. An examination of the petition would have given the defendant full information concerning the object of the plaintiff. There does not seem therefore to be any good reason why, after this lapse of time, the decree should be held to be void.

We think the judgment of the district court is erroneous, and it is reversed with direction to set it aside and enter judgment in favor of the plaintiff.