No. 44,980

(In the Matter of the Guardianship of the Person and Estate of George W. Hargreaves, an Incompetent Person.) THE FIRST NATIONAL BANK OF TOPEKA, Co-Guardian of the Estate, *Appellee*, v. EUGENE W. HIATT, Administrator d/b/n of the Estate of George W. Hargreaves, deceased, *Appellant*.

(439 P. 2d 373)

Opinion filed April 6, 1968.

*Eugene W. Hiatt*, of Topeka, argued the cause, and *Leland M. Spurgeon*, of Topeka, was with him on the brief for appellant.

*T. M. Murrell*, of Topeka, argued the cause, and *George A. Scott, Jack A. Quinlan, Kay McFarland* and *John A. Bell*, of Topeka, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal concerns the estate of George W. Hargreaves, an incompetent person, and the allowance of the petition of The First National Bank of Topeka, as co-guardian of his estate, for legal services rendered the co-guardians by George A. Scott in the sum of $2,750.

During the pendency of this appeal, Clyda D. Hargreaves, wife of the incompetent and co-guardian of his estate and the executrix of the estate of George W. Hargreaves, deceased, died. On Febru-

ary 20, 1968, this court entered its order that Eugene W. Hiatt, Administrator *de bonis non* of the estate of George W. Hargreaves, deceased, be substituted as the appellant.

On June 13, 1963, George W. Hargreaves was adjudged an incompetent by the probate court of Shawnee County. Mrs. Hargreaves was appointed guardian of his person and she and The First National Bank of Topeka were appointed co-guardians of his estate. As hereafter detailed, George A. Scott was employed as counsel for the co-guardians, and between May 25, 1963, and September 23, 1963, he rendered legal services for the incompetent's estate. On the latter date, Mr. Scott withdrew as attorney for the co-guardians, and the claim in question is for reasonable value of his legal services.

On September 26, 1964, The First National Bank of Topeka, as co-guardian, filed a petition for final settlement of the guardianship. The prayer was that the administration of the assets of the estate be approved; that the accounts of the co-guardians be settled and allowed; that allowance be made for the services of the petitioner and its attorneys and that the court direct the remaining assets of the estate be paid and delivered to the personal representative of the estate of George W. Hargreaves, deceased, and that the co-guardians be discharged.

Due notice was given that the petition for final settlement of the guardianship would be heard of October 1, 1964. On that date, the bank filed an amended petition for final settlement of guardianship, which omitted a claim for legal services for attorneys employed by the co-guardians. The prayer of the amended petition was essentially the same as the prayer of the original petition.

Final settlement of guardianship was had upon the amended petition and the accounts of the co-guardians were settled and allowed. The court found that by reason of the incompetent's death on September 4, 1964, the guardianship had terminated according to law, and that the bank and Mrs. Hargreaves should be discharged as co-guardians of the estate of the incompetent.

In the meantime, Mr. Scott filed a petition for allowance of demand in the estate of George W. Hargreaves, deceased, and alleged that he was employed by the co-guardians of the incompetent's estate and rendered legal services for the co-guardians; that the reasonable value of his legal services was $2,750, and that the petition should be allowed for the amount claimed.

On November 19, 1964, the probate court allowed the petition of Mr. Scott against the estate of the decedent in the amount of $2,750, and Mrs. Hargreaves, the executrix, timely appealed the allowance of the petition to the district court of Shawnee County.

On March 8, 1965, the district court sustained the motion of the executrix for summary judgment and denied the allowance of Mr. Scott's petition against the decedent's estate. Thereafter, the bank filed a petition in the probate court for allowance of demand against the estate of George W. Hargreaves, deceased, on behalf of Mr. Scott. The petition was heard by the probate court and allowed in the amount of $2,750. The executrix, Mrs. Hargreaves, timely appealed to the district court and thereafter filed a motion for summary judgment directed toward the allowance of the bank's petition. The district court sustained the executrix' motion and reversed the probate court's order allowing the petition of the bank. The court stated the claim should have been filed in the guardianship proceeding by one of the co-guardians.

On May 26, 1965, some eight months after the probate court made final settlement of the guardianship and discharged the co-guardians of the estate of the incompetent, the bank, as co-guardian, filed its petition in the guardianship estate and alleged that it, together with the other co-guardian, Mrs. Hargreaves, employed Mr. Scott as their attorney and that Mr. Scott rendered valuable legal services to the co-guardians between the dates heretofore mentioned; that no allowance had been made in the guardianship estate for the legal services performed by Mr. Scott, and that the ward died prior to any action being taken upon a claim for allowance of attorney fees for him. The petition then alleged:

"Petitioner further alleges that the said George A. Scott filed a claim for attorney fees in the decedent's ward's estate now pending in the Probate Court of Shawnee County, Kansas, and entitled 'In the Matter of the Estate of George W. Hargreaves, Deceased,' and numbered 29149; that said claim was allowed by the Probate Court of Shawnee County, Kansas, from which the executrix, Clyda D. Hargreaves, did appeal the same to the District Court of Shawnee County, Kansas, and the decision of the Probate Court of Shawnee County, Kansas, was reversed by the said District Court; in reversing the decision of the Probate Court of Shawnee County, Kansas, it was indicated that said claim should have been filed by the guardian or co-guardians in the above entitled manner, hence, the reason for the filing of this petition at this time requesting that the Probate Court of Shawnee County, Kansas, reopen the guardianship for the purpose of making an allowance to the First National Bank of Topeka in a reasonable amount for services performed by the said George A. Scott as attorney for the co-guardians herein.

"Petitioner further alleges that the said attorney, George A. Scott, has performed services in said guardianship, as appears from the files and records in this Court, and an allowance should be made to the said First National Bank of Topeka, to be paid to the said attorney, George A. Scott, for his services, in the amount of $2750.00, the same being reasonable attorney fees for services rendered herein.

"Petitioner further shows to the Court that this petition for attorney fees is proper, by virtue of the fact that petitioner has not been discharged as co-guardian of the estate herein."

The prayer was that the probate court reopen the guardianship estate for the purpose of making an allowance to the bank for a reasonable attorney fee to be paid Mr. Scott; that the petition be set for hearing, and that upon a hearing, it be allowed.

On September 2, 1965, the bank's petition was heard by the probate court. The bank, together with Mr. Scott, appeared in support of the petition, and Mrs. Hargreaves, as guardian of the person of the incompetent, and her attorney, Mr. Hiatt, appearing in opposition thereto. The evidence of both parties was introduced and at the conclusion of the hearing, the probate court found that:

". . . said petition should be granted, that the demand should be and the same is hereby allowed to the First National Bank of Topeka in the amount of . . . $2,750.00 to be paid to George A. Scott of the law firm of Murrell, Scott & Quinlan, for attorneys' fees."

Thereafter, Mrs. Hargreaves, as guardian of the person of the incompetent, timely appealed the allowance of the petition to the district court.

On August 29, 1966, the appeal came regularly on for trial. An advisory jury was impanelled and the evidence of both parties was presented. The advisory jury returned answers to special questions submitted, which read:

"1. Was George A. Scott employed as legal counsel by Mrs. Hargreaves for the guardianship of the person of George W. Hargreaves, expressly or impliedly?

"Answer: Yes.

"2. If you answer Question No. 1 in the affirmative what was the reasonable and necessary number of hours he devoted to legal services in this guardianship?

"Answer: As claimed.

"3. Was George A. Scott employed as legal counsel by Mrs. Hargreaves, or by the First National Bank for the guardianship of the estate of George W. Hargreaves, expressly or impliedly by either of them?

"Answer: Yes.

"4. If you answer Question No. 3 in the affirmative, what was the reasonable and necessary number of hours he devoted to legal services in this guardianship?

"Answer: As claimed."

On February 23, 1966, the district court entered judgment in favor of the bank and against the estate of the incompetent in the sum of $2,750. This appeal followed.

Appellant contends the probate court had no authority on September 2, 1965, to make an allowance of attorney fees to the bank to be paid to Mr. Scott. It is argued the probate court had control of its orders and judgments for 30 days but that thereafter the same might be vacated or modified as provided in K. S. A. 60-260 (*b*) (1) or (6) of the code of civil procedure. It is claimed the bank's petition made no reference to K. S. A. 1967 Supp. 59-2213 and did not ask the probate court for relief on any ground specified in 60-260 (*b*) (1) or (6), and that therefore the guardianship estate was never reopened as required by law, and the court had no authority to order the allowance of attorney fees. It is not claimed the probate court lacked jurisdiction to hear the bank's petition and grant the relief it did, but, rather, it is argued the relief was not properly granted.

The probate code provides that every application in a probate proceeding, unless made during a hearing or trial, shall be by petition signed and verified by the petitioner, *and that no defect in form shall impair substantial rights.* (K. S. A. 59-2201.) The code recognizes that upon the filing of such a petition, and causing it to be set for hearing, a petitioner has commenced a proceeding in which he is entitled to a trial on the merits of the issues therein involved. (*In re Estate of Michaux*, 171 Kan. 417, 421, 233 P. 2d 510.) In the instant case, the bank's petition was filed approximately eight months after the incompetent's estate was closed. The 30-day period having expired, the appellant states that K. S. A. 1967 Supp. 59-2213 was applicable to the bank's petition. The statute reads:

"No judgment or decree shall be rendered in a probate proceeding without proof. The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by K. S. A. 60-260 (*b*) of the code of civil procedure."

K. S. A. 60-260 (*b*) (1) and (6), relied upon by the appellant, read:

"(*b*) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (6) any other reason justifying relief from the operation of the judgment. . . ."

A motion for relief from a final judgment such as here involved, is addressed to the sound discretion of the court and its action is reviewable by the supreme court only for abuse of discretion. (*Erick Rios Bridoux v. Eastern Air Lines*, 214 F. 2d 207.) The discretion of the court should be guided by equitable principles and the interest of the party who received the judgment, as well as the moving party, must be considered. Needless to say, the court must diligently protect against the protraction of litigation. (3 Vernon's Kansas Statutes Annotated [Fowks, Harvey, Thomas], § 60-260, p. 522.)

While the bank's petition did not specifically finger 60-260 (*b*) (1) or (6) by section number, we think it substantially complied with the statute to invoke the power of the probate court to reopen the guardianship estate and allow the petition for attorney fees. The petition was filed within a reasonable time and alleged the reason it was filed, that is, that through mistake of fact or law, Mr. Scott erroneously attempted to obtain payment of his attorney fees out of the wrong estate, perhaps for the reason that it would be more convenient to proceed against the decedent's estate, or that the money to pay the claim would come out of the "same pocket" so to speak. Be that as it may, the petition fully apprised Mrs. Hargreaves, as guardian of the person and co-guardian of the estate of the incompetent, of the facts and nature of the petition and the relief requested. It specifically asked the probate court to reopen the guardianship for the purpose of making an allowance to the bank for attorney fees for Mr. Scott. The record discloses that when the petition was heard, the court found that "said petition should be granted," that is, that the guardianship estate be reopened, and, further, "that the demand should be and the same is hereby allowed."

A very similar question was presented in *In re Estate of Lillibridge*, 161 Kan. 93, 166 P. 2d 720, which involved a petition to vacate an order admitting a will to probate. In the opinion it was said:

"Appellee also directs our attention to the fact that the petition to vacate the order admitting the will to probate was not framed in conformity with G. S.

1935, 60-3005, *supra,* and that the prayer thereof did not ask for the granting of a new trial. Such a contention is correct but in our opinion it should not be controlling. G. S. 1934 Supp. 59-2201, reads:

" ' . . . No defect in form shall impair substantial rights; . . .'

"and G. S. 1943 Supp. 59-301, (12), provides that probate courts shall have such powers as may be necessary and proper fully to hear and determine any matter properly before such courts. *It is evident that the legislature did not intend that litigants should lose their rights in probate courts because of a failure to file pleadings in strict compliance with form requirements.* In addition, it should be noted that on appeal from the probate court the district court is clothed with broad powers, under the present code, to allow or require pleadings to be filed or amended. (G. S. 1943 Supp. 59-2408.) (See *Roberts v. Setty,* 154 Kan. 505, 119 P. 2d 539.)" (l. c. 103, 104.) (Emphasis supplied.)

Upon appeal to the district court, that court likewise had jurisdiction to hear and determine the validity of the bank's petition on its merits. (*In re Estate of Lillibridge,* supra.) The district court stated that only two questions were involved, that is, whether Mr. Scott was employed by Mrs. Hargreaves or anyone in the guardianship estate, and the number of hours, or time he expended in representing the co-guardians. As indicated, those questions were both answered by the advisory jury in Mr. Scott's favor. We shall not labor the claim there was no substantial evidence to support the jury's answers to special questions. The record is replete with proof of numerous conferences, court appearances, preparation of pleadings, etc., by Mr. Scott in representing the co-guardians and the guardian of the person of the incompetent. Moreover, Mrs. Hargreaves testified she employed Mr. Scott as attorney for the co-guardians. Two judges in separate proceedings, as well as the advisory jury, heard the evidence and all found that the claim should be allowed. The evidence in the district court was more than ample to support the findings of the advisory jury of the employment of Mr. Scott and the rendering of his services in the amount claimed.

The judgment of the district court is affirmed.