No. 45,758

Eva Hutton White, *Appellee*, v. Scott Hutton and Della Hutton, *Appellants*.

(472 P. 2d 223)

Opinion filed
July 17, 1970.

*Jim Mangan,* of Mangan and Dalton, of Dodge City, argued the cause, and *Jack Dalton,* of Mangan and Dalton, of Dodge City, was with him on the brief for the appellants.

*Douglas B. Myers,* of Dodge City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment in a quiet title action. The only question raised is the sufficiency of the evidence to support the judgment.

The plaintiff, Eva Hutton White, brought an action against Scott Hutton and others to quiet title to a house and lots in Bucklin, Kansas. It is not disputed that the property was conveyed to her by her father and mother in 1950. (See *Hutton v. Hutton,* 184 Kan. 560, 337 P. 2d 635.)

The defendant, Scott Hutton, answered alleging in part:

"That on or about August 14, 1961, plaintiff and her husband, T. D. White, were indebted to this defendant; that plaintiff and her said husband could not pay said debts; that in consideration of the cancellation of such indebtedness plaintiff and her said husband and this defendant orally agreed that plaintiff and this defendant owned said real property in equal shares; . . ."

The plaintiff replied stating:

"Plaintiff specifically denies any indebtedness of herself or of T. D. White to Scott Hutton and further specifically denies that she orally agreed at any time that Scott Hutton owned or had any interest in the real property which is the subject of this action . . ."

The case was tried to the court. The trial court found that—

"The Court further finds that the loan made by Scott Hutton to Eva White and T. D. White has all been repaid and cannot be considered as consideration for any implied agreement."

and concluded:

"1. That Plaintiff, Eva Hutton White, acquired title to Lots 13, 14 and 15, Block 35, Bucklin, Kansas, by virtue of a deed made, executed and delivered to her on August 25, 1950, from W. A. Hutton and Viola Hutton.

"2. That Defendants' evidence is not sufficient to establish an express contract or implied contract to convey an undivided one-half interest in said real estate to defendant, Scott Hutton.

"3. Title to said real estate should be quieted as to all defendants, including Scott Hutton, in favor of Eva Hutton White."

The defendant, Scott Hutton, has appealed. His chief contention is that there was no substantial competent evidence to support the trial court's finding that Eva Hutton White was the sole owner of the real property in question.

It may be stated that there was substantial competent evidence, both documentary and circumstantial, from which inferences could be drawn in favor of or against either party. However, both parties testified as to the disputed issue. Scott Hutton testified:

"Q. Just tell the Court as near as you can recall what was said by anyone present at that meeting concerning this house.

"A. I can't recall that there was very much said.

"Q. Well, whatever you can recall.

"A. We agreed that the property belonged to both of us and I was to pay half of the tax and that was about all.

"Q. That was in August of 1961 as near as you can recall.

"A. Yes."

Eva Hutton White testified on her own behalf as follows:

"Q. Did you at any time tell your brother that you would give him half of this house?

"A. No.

"Q. Did he ever ask you for half of it?

"A. Yes.

"Q. When was that, Mrs. White?

"A. I suppose that was about '64 or '65.

"Q. Do you remember where this took place?

"A. In my house.

"Q. Was anyone present other than you and Scott?

"A. No.

"Q. Tell the Court what was said by each of you.

"A. Well, I told him that it wasn't settled up yet, and according to what I know about law the Supreme Court gave it to me. But he said he was going to have half of it.

"Q. Did you offer to give him half of it?
"A. I didn't offer to give him half of the house.
"Q. Was there any other conversation between the two of you at that time?
"A. Just over the house.
"Q. Did he leave or did you leave or what?
"A. He left."

Although the evidence was conflicting, there was substantial competent evidence to support the findings of the trial court.

It is not the function of this court to weigh conflicting evidence or to substitute our judgment for that of the court which heard the case. (*Hoppe v. Hoppe*, 181 Kan. 428, 312 P. 2d 215; *Preston v. Preston*, 193 Kan. 379, 394 P. 2d 43; *Saint v. Saint*, 196 Kan. 330, 411 P. 2d 683.) The appellate court will review the evidence only for the purpose of determining its sufficiency to support the findings (*Smith v. Mr. D's, Inc.*, 197 Kan. 83, 415 P. 2d 251; *First National Bank of Topeka v. Hiatt*, 201 Kan. 50, 439 P. 2d 373) and the evidence is to be viewed in a light most favorable to sustaining the verdict. (*Schroeder v. Richardson*, 196 Kan. 363, 411 P. 2d 670.) Neither do we pass on the credibility of the witnesses. (*Finnell v. Patrons Co-operative Bank*, 193 Kan. 354, 394 P. 2d 116; *Schroeder v. Richardson*, supra.)

An examination of the record discloses substantial competent evidence to support the findings upon which the judgment is based.

The judgment is affirmed.

APPROVED BY THE COURT.