No. 46,223

Richard G. Meyer, *Appellant*, v. Adielaide Meyer, *Appellee*.

(495 P. 2d 942)

Opinion filed April 8, 1972.

*Louis A. Silks, Jr.,* of Shawnee Mission, argued the cause and was on the brief for appellant.

*Arthur L. Claussen,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: The single issue presented is whether the motion of the appellant, Richard G. Meyer, to modify and to set aside as a fraud upon the appellant, the district court's decree and judgment of September 16, 1960, granting the appellee, Adielaide Meyer, custody of the minor children of the parties and awarding child

support, was filed within a reasonable time as required by K. S. A. 60-260 (*b*). The district court concluded it was not, and the appellant perfected this appeal. We affirm.

On April 19, 1960, the appellant commenced an action for divorce against the appellee in the district court of Shawnee County. The petition alleged adultery as the grounds upon which the divorce was sought, and that on July 27, 1957, one child, a daughter, was born to the marriage. The appellee cross-claimed for divorce and alleged that a second child, a son, was born to the marriage on March 27, 1960. By reply, the appellant denied paternity of the second child, placing the issue of the son's paternity directly in issue in the lawsuit.

On August 31, 1960, the divorce action came on for trial before the Honorable Dean McElhenny, judge of the district court. The appellant appeared in person and with his attorney. The appellee did not appear, but was represented by counsel. The appellant presented his evidence and rested. The court granted the appellant a divorce on the grounds of *extreme cruelty,* and ordered him to pay the costs of the action. The journal entry of the divorce decree was filed September 9, 1960.

Subsequently, and on September 16, 1960, the order here in question was entered by the district court, granting the appellee custody of *minor children* of the parties, ordering the appellant to pay $75 per month for the support of the minor children, and awarding the appellee attorney fees.

No appeal was perfected from the divorce decree, or from the order and decree of September 16, 1960.

The order of September 16, 1960, is of paramount importance in this appeal, and is set out in full:

"Now on this 16th day of September, 1960, the same being one of the regular judicial days of the September, 1960, term of said court, there comes regularly on for hearing defendant's motion for custody of the minor children of the parties and allowance of a reasonable sum for the support of said minor children and for a reasonable sum with which to pay defendant's attorneys for their services. *The plaintiff appears in person and by his attorney, L. J. Grant, and defendant appears in person and by her attorney, Wayne E. Hundley.*

"Whereupon, the court upon examination of the files, the hearing of evidence and being duly and fully advised in the premises *finds that the defendant should be awarded the custody of the minor children of the parties;* that the plaintiff should be ordered to pay to the defendant for the support of the minor children the sum of Seventy-five Dollars ($75.00) each

month commencing forthwith and until the further order of this court; and the court further finds that defendant should be allowed the sum of Fifty Dollars ($50.00) to apply on her attorneys fee.

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED that defendant be awarded custody of the minor children of the parties; that the plaintiff be and he is hereby ordered to pay to the defendant the sum of Seventy-five Dollars ($75.00) each and every month commencing forthwith and until the further order of this court for the support of the minor children of the parties.

"It is Further By the Court Considered, Ordered, Adjudged and Decreed that the plaintiff be and he is hereby ordered to pay to defendant's attorney, Wayne E. Hundley, the sum of Fifty Dollars ($50.00) to apply on the said Wayne E. Hundley's attorney fee." (Emphasis supplied.)

The record shows the appellant made two child support payments in 1960, following the entering of the divorce decree.

Present counsel for the parties conceded in oral argument before this court that the journal entry of September 16, 1960, was consented to and signed by counsel representing the appellant and by counsel representing the appellee on that date.

Thereafter, the matter remained dormant until January 29, 1970, when the apellant filed his motion pursuant to K. S. A. 60-260 (b) (6), to modify and to set aside in part the decree and judgment of September 16, 1960, awarding custody of the minor children and ordering payment of child support. The intervening period between the order and the motion was nine years and four months.

The appellant's motion alleged in substance that if his evidence were heard on his motion, it would establish that his first knowledge of the order of September 16, 1960, was in a nonsupport criminal action filed against him in the city court of Kansas City, Wyandotte County, at the instance of the appellee seeking child support, presumably pursuant to G. S. 1949, 21-442 (now repealed); that at the hearing on the merits of the nonsupport complaint, the appellee admitted the second child was not fathered by the appellant; that in said action, the appellee acquiesced in and accepted an order of the city court of Kansas City in the amount of $10 per week for the first child, and no payments were to be made for the second child; that appellant made payments to the appellee pursuant to that order until July 27, 1963, when his letter was returned; that there was no contact between the parties until September 6, 1968, when the appellee commenced an action against the appellant in the district court of Wyandotte County, to reduce to judgment child support payments due and unpaid

under the Shawnee district court's order of September 16, 1960; that at a hearing on the merits of that action, the appellant's testimony was unrefuted that he was released from the state penitentiary on September 12, 1959, to find the appellee had been living with his father to whom she is now married, and that the child in issue—the second child—was born six and a half months after his release from the penitentiary; that the district court of Wyandotte County granted appellant relief on the modification agreement of the parties before the city court to the time of the filing of the action (September 6, 1968), and entered judgment in the amount of $10 per week for a period of five years preceding September 8, 1968; and for the sum of $75 per month pursuant to the order of the Shawnee district court subsequent to that date, and that any sum accrued under the Shawnee district court's order prior to September 6, 1963, was barred. The Wyandotte district court further concluded the Shawnee district court had continuing jurisdiction over the custody and support order, and it was the proper court in which to challenge the order of September 16, 1960, and to modify or set the same aside.

The appellant's motion further alleged the issue of paternity of the second child had never been determined in an adversary proceeding known to him and that if the appellee so represented him to be the father of her child the same was untrue, and was a fraud upon the appellant and the court. The appellant requested time for discovery, to require appellee's answer concerning the son's birth or be cited for contempt, and that the order of September 16, 1960, be set aside and modified pursuant to 60-260 (*b*) (6).

On May 5, 1970, the district court ruled as a matter of law the appellant was not entitled to relief under the facts and circumstances, and overruled the appellant's motion. The pertinent portion of the district court's memorandum decision reads:

"There can be no question from a review of this file that the divorce was heard and granted on the 31st day of August, 1960, and that on September 16, 1960, both parties appeared with their attorney, and the court awarded the custody of the minor *children* of the parties to the defendant, and the plaintiff was ordered to pay the sum of $75.00 per month as support for said minor *children*.

"This order leaves no doubt in the court's mind that Judge McElhenny found the plaintiff to be the father of both *children* herein. To permit a party, ten years later, to come into court and challenge the paternity of a child, under circumstances such as this, would make final judicial determination in these cases impossible, and would leave the courts at the mercy of parties who would

agree on the hearing date to a determination and then years later change their minds.

"Counsel are well aware that a vast majority of our cases are worked out by the parties and their counsel outside the presence of the Court, and that there is no formal hearing on same, and this is encouraged; otherwise the docket would be bogged down even heavier than they are now.

"To permit one to come into court ten years later and challenge whatever was done at that time, on the basis of fraud, has no precedent, as far as I know, in law.

"If this plaintiff had been of the opinion that the court order of September 16, 1960, was unjust to him, he should have either appealed same, or if he felt he was defrauded within one year from that date he should have come in and asked that it be set aside for that reason, none of which were done.

"It is my judgment that while the result of this matter may not seem fair to the plaintiff, the overriding consideration must be the determination of litigation at some point.

"The plaintiff herein is certainly guilty of laches in not bringing this matter before the court in a more timely manner.

"The court does retain jurisdiction to determine the amount of child support, and the court is of the opinion that the amount awarded by Judge McElhenny is perfectly adequate under these circumstances, and is overruling the motion of the defendant to increase child support."

The appellant has raised two issues on appeal. First, he contends he was denied a hearing in support of his motion to modify, and that he was therefore denied due process under the Sixth Amendment to the United States Constitution. Second, that the district court erred in overruling the motion to modify, pursuant to K. S. A. 60-260 (*b*) (6) for numerous compelling reasons.

The appellant cites the recent case of *Rydd v. State Board of Health*, 202 Kan. 721, 451 P. 2d 239, in support of his first contention. We are of the opinion the *Rydd* case is not in point. However, the court recognizes once again that parties have a right to be heard through counsel on motions addressed to the court involving an issue in the controversy. (*Railroad Co. v. Cattle Co.*, 59 Kan. 111, 113, 52 Pac. 71.) See, also, *Dickinson v. Beal*, 10 Kan. App. 233, 62 Pac. 724. Included within the scope of that right is an opportunity for counsel to analyze facts and present his theory as to the applicable law on questions involved in the case. The right to be heard is of public consequence as well as private concern as advocacy is an effective aid in rendering justice. (*Richa v. Wichita Precision Tool Co*, 190 Kan. 138, 373 P. 2d 201, and cases cited; *Rydd v. State Board of Health*, supra; *Neeley v. Board of Trustees, Policemen's & Firemen's Retirement System*, 205 Kan. 780,

473 P. 2d 72; *Collins v. Kansas Milling Co.*, 207 Kan. 617, 485 P. 2d 1343.)

A district court may have a hearing on a motion to vacate or modify a judgment in chambers, without the necessity and expense of an actual "fullblown" court hearing. (*In re Rex*, 70 Kan. 221, 78 Pac. 404; *Taylor v. Woodbury*, 86 Kan. 236, 120 Pac. 367.) In the case at bar, the record affirmatively shows the appellant was afforded an opportunity to present his reasons and theory of applicable law to the district court as to whether his motion to modify and set aside the order and decree of September 16, 1960, was filed within a reasonable time as required by 60-260 (*b*). Counsel for both parties were present at the conference in the district court's chambers on the propriety of the motion, and counsel orally presented argument and also filed written briefs in support of his theory on that issue. At that time, the issue before the court was whether the motion was filed within a reasonable time. That was a question of law. Where the issue to be decided is a matter of law, it follows that factual questions in dispute are not relevant to a solution of that issue and there would be no necessity to take testimony. In short, under the facts and circumstances, the appellant was not denied his right to present his case to the district court, but in fact was afforded every opportunity necessary to a decision of the case. Under the circumstances we cannot conclude the appellant was denied his right to be heard when the record clearly indicates compelling facts to the contrary. We find no merit in the appellant's first contention.

Turning to the appellant's second contention that the district court erred in concluding no relief could be afforded him pursuant to 60-260 (*b*) (6) under the circumstances, we quote the pertinent portion of the statute:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under section 60-259 (*b*); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time*, and for reasons (1), (2)

and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subsection (*b*) does not affect the finality of a judgment or suspend its operation. . . ." (Emphasis supplied.)

We first note the *instant appeal brings up for our review only the order denying the motion for relief from the decree of September 16, 1960, and not the decree itself.* The district court had jurisdiction of the parties and the subject matter of divorce, and its decree of that date was not void. This court has uniformly held that the modification of a judgment is within the sound discretion of the district court. (*Bateman v. Preisser*, 123 Kan. 217, 254 Pac. 1028; *First National Bank of Topeka v. Hiatt*, 201 Kan. 50, 439 P. 2d 373; *Neagle v. Brooks*, 203 Kan. 323, 454 P. 2d 544; *Wichita City Teachers Credit Union v. Rider*, 203 Kan. 552, 456 P. 2d 42.)

As we said in *Neagle v. Brooks*, supra:

"We have no precedent of our own for K. S. A. 60-260 (*b*) (6) but we may look to federal authority for its construction and application since it was lifted from rule 60 (*b*) of the Federal Rules of Civil Procedure. Such a motion is addressed to the sound discretion of the trial court, and upon appeal its action is reviewable only for abuse of discretion (see *Erick Rios Bridoux v. Eastern Air Lines*, 214 F. 2d 207 [CA, DC]). In 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Ed., we find the following:

" 'The rule [rule 60 (*b*)] was not intended as an alternative method of appellate review, nor as a means of circumventing time limits on appeal, except where compelling considerations of justice require that course. . . . The rule is not intended to provide a procedure by which to challenge a supposed legal error of the court, nor to obtain relief from errors which are readily correctable on appeal. . . .' (§ 1322.)

" 'Relief from a final judgment, order or other proceeding rests in the sound discretion of the court guided by accepted legal principles. . . . Equitable principles may be a guide in administering relief.

" 'The Advisory Committee [on the Rules of Civil Procedure] has referred to "the teaching of experience that courts will not permit technicalities to prevent them from remedying injustice." *Laudable as is the goal of remedying injustice Rule* 60 (*b*) *requires the courts to strike a balance between that goal and the desire to achieve finality in litigation. The cases show that the courts have exercised their discretion under that rule with a scrupulous regard for the aims of finality. Thus they have held that the motion must be made within a "reasonable time."* . . . 'The courts have been unyielding in requiring that a party show good reason for his failure to take appropriate action sooner . . .' (§ 1323.)

" 'This broad language [of rule 60 (*b*) (6) authorizing relief for "any other reason justifying relief from the operation of the judgment"] gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. Of course, this power is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party

remains under a duty to take legal steps to protect his interests. . . .'
(§ 1329.)

"In *Consolidated Gas & Equipment Co. of America v. Carver*, 257 F. 2d 111 (CA 10), we find this: 'The rule [60 (*b*)] is neither a substitute for appeal nor a conduit through which to channel a collateral attack upon a judgment of a court of competent jurisdiction.' (p. 114.)" (1. c. 327, 328.) (Emphasis supplied.)

See, also, *First National Bank of Topeka v. Hiatt*, supra, p. 55.

The appellant contends the district court abused its discretion in denying his motion because it failed to afford him an opportunity to present evidence concerning disputed factual issues: (1) it failed to determine the second child's paternity, (2) the appellee's fraud in asserting appellant's paternity, (3) the acquiescence of the appellee and her alleged admission of appellant's nonpaternity in criminal nonsupport proceedings in Kansas City, and (4) the appellee's refusal to testify to facts surrounding the birth of the son.

The obvious answer to the point is that the district court concluded the motion was not timely filed, and decided the issue *as a matter of law*. Thereafter, the appellant possessed no right to introduce evidence in support of his motion—he was simply guilty of laches in failing to file his motion for relief within a reasonable time. (60-260 [*b*].) While he alleged the first notice he had of the September, 1960, decree was in the criminal nonsupport proceeding in Kansas City in May, 1961, it is clear he had ample time within the first year after the order was entered to seek the relief he now seeks nine years later. Moreover, there is a finding in the record that he made two child support payments in 1960, following the rendition of the divorce decree, which strongly indicates he was not only aware of the order when it was entered but complied with it to that limited extent. Be that as it may, we cannot conclude from a review of the record the district court abused its discretion in overruling the motion to modify. In *Neagle*, supra, this court concluded that *two years* was not a "reasonable time" within the meaning of K. S. A. 60-260 (*b*) (6), and said:

"Appellant's motion for relief was not made until more than two years after she had notice of the entry of the adverse judgment. Under the circumstances it can hardly be said to have been made within a reasonable time, as required, and the trial court so ruled. We cannot disagree . . ." (1.c. 329.)

Prior to the adoption of the present Code of Civil Procedure, this court had occasion to discuss the merits of a motion to vacate filed nine years after final judgment in *O'Flanagan v. Case*, 41 Kan. 183,

21 Pac. 96. There, the appellant was not present at a hearing on the matter originally decided, but was represented by counsel. The opinion makes it clear the plaintiff had consented through her attorney to the judgment. The court held she was guilty of laches in failing to raise the issue until nine years after the judgment, and that by her own action she was estopped by laches from recovering, and so here. See, also, *Allison v. Whitaker*, 81 Kan. 706, 106 Pac. 1050, concluding that the appellant was estopped by laches for failure to file his motion to set aside a judgment until three years after its rendition.

Moreover, where a judgment is agreed to by the parties, it has the same binding effect as any other judgment. (*Union Pac. Rly. Co. v. McCarty*, 8 Kan. 125; *Baldwin v. Baldwin*, 150 Kan. 807, 96 P. 2d 614.) Further, it is a matter of decided law in this state that parties are bound by admissions, appearances, and actions of their counsel acting on their behalf. (*In re Estate of Carrell*, 183 Kan. 491, 327 P. 2d 883; *Dick v. Drainage District No. 2*, 187 Kan. 520, 358 P. 2d 744; *Anderson v. Thomas*, 184 Kan. 240, 336 P. 2d 821.) In this respect, we note the appellant neither alleged nor here contends his counsel of record in 1960, had no authority to appear for him with respect to any proceedings in the case. Where an attorney at law appears for another it will be presumed, in the absence of a showing to the contrary, that he had authority to appear. (*O'Flanagan v. Case*, supra.)

Lastly, it should be pointed out there is a presumption of law of the regularity, validity, and verity of judicial proceedings, and that such proceedings are regular and completed in a solemn judicious manner, and absent some showing to the contrary by clear and convincing evidence, a journal entry of judgment entered in a matter is final and conclusive with regard to the issues decided. (*Stock v. Union Pacific Railroad Co.*, 183 Kan. 659, 331 P. 2d 549; *State v. Hess*, 178 Kan. 452, 289 P. 2d 759; *City of Wichita v. Catino*, 175 Kan. 657, 265 P. 2d 849.)

In view of the foregoing, we conclude the district court did not abuse its discretion, nor did it err in overruling the appellant's motion for modification of a judgment rendered nine years prior to the filing of the motion.

The judgment is affirmed.